# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1648V
Filed: September 16, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * | |
| ALINA DERKACH, *as Parent and Legal Representative of Her Minor Son,* E.E.D., | UNPUBLISHED |
| Petitioner, | Decision on Interim Attorneys' Fees and Costs |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

*Elizabeth Muldowney, Esq.*, Sands Anderson, PC, Richmond, VA, for petitioner.
*Heather Pearlman, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On November 1, 2017, Alina Derkach ("Ms. Derkach" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program on behalf of her minor child, E.E.D.[2] *See* Petition ("Pet."), ECF No. 1. Petitioner alleges that E.E.D. developed a bowel obstruction requiring surgical intervention after receiving the rotavirus, diphtheria-tetanus-

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

acellular pertussis ("DTaP"), and haemophilus influenza type B ("Hib") vaccines on November 5, 2014. Pet. at 1. Petitioner now requests an award of interim attorneys' fees and costs.

## I. Procedural History

The petition was filed on November 1, 2017. Petition, ECF No. 1. This matter was assigned to me on November 2, 2017. ECF No. 4. Petitioner filed supporting documentation, including medical records and affidavits, and a Statement of Completion on November 3, 2017. Petitioner's Exhibits ("Pet. Ex.") 1-16, ECF Nos. 6-9.

On April 23, 2018, respondent filed his Rule 4(c) Report recommending against compensation. Respondent's Report, ECF No. 12.

Petitioner has filed two expert reports from Dr. John Santoro. Pet. Ex. 17, ECF No. 17; Pet. Ex. 34, ECF No. 29. Respondent has filed one expert report from Dr. Chris Liacouras. Respondent's Exhibit ("Resp. Ex.") A, ECF No. 23.

On July 12, 2019, petitioner filed the instant Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees ("Fees App."), ECF No. 25. Petitioner requested attorneys' fees in the amount of $57,799.60 and attorneys' costs in the amount of $368.01, for a total of $58,167.61. Fees App. at 10. Petitioner explained that when she first contacted Ms. Muldowney's firm in April of 2016 regarding concerns of a vaccination injury sustained by her minor child, E.E.D., Ms. Muldowney was employed with Rawls McNelis, which is now doing business as Rawls Law Group ("RLG"). *Id.* at 2. On July 14, 2017, Ms. Muldowney transitioned her practice to Sands Anderson, PC, where she is currently employed. *Id.* The petition was subsequently filed on November 1, 2017. *Id.* In the instant motion, petitioner requests reimbursement of attorneys' fees and costs incurred while Ms. Muldowney was employed by RLG. *Id.* Petitioner submitted that, "[b]ecause RLG employees are no longer involved in this case[,] RLG is experiencing financial hardship and delay for work billed by Ms. Muldowney…". *Id.* at 7. Petitioner further submitted that "she meets the criteria for interim fees and costs requested herein due to the three year long delay and hardship RLG has and would continue to otherwise face…". *Id.* at 14.

On July 24, 2019, respondent filed a response to petitioner's motion. Response, ECF No. 27. Respondent deferred "to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award." *Id.* at 3. Petitioner did not file a reply.

This matter is now ripe for decision.

## II. Applicable Law and Analysis

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891

2

(2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

**A.    Availability of Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F.3d at 1351. The Court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Interim fees are the exception rather than the rule; indeed, "there is not a presumption of entitlement to interim fees." *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 300 (2011). Petitioner's motion cites the "three year long delay" in the proceedings as justification for an award of interim fees. Fees App. at 14. Under most circumstances, this fees application would be deemed premature as this matter has not been pending for an adequate amount of time. However, because RLG may face financial hardship given the fees and costs amount requested, interim fees are appropriate at this juncture.

3

**B.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner has requested that Ms. Muldowney, as well as other RLG attorneys and paralegals be compensated at the following hourly rates: for Ms. Muldowney, $345.00 for work performed in 2016 and $353.00 for work performed in 2017; for Dr. Ramon Rodriguez, attorney, $375.00 for work performed in 2016; for Ms. Kristy Smith, paralegal, $140.00 for work performed in 2016 and $145.00 for work performed in 2017; and for Ms. Lisa Robertson, paralegal, $140.00 for work performed in 2016. Fees App. at 10.

The Court has previously held that Ms. Muldowney and the RLG attorneys and paralegals are entitled to both forum rates generally and the rates requested by petitioner in particular. *See, e.g.*, *Quinones v. Sec'y of Health & Human Servs.*, No. 11-154V, 2019 WL 3889727 (Fed. Cl. Spec. Mstr. July 16, 2019); *Heagney v. Sec'y of Health & Human Servs.*, No. 16-601V, 2019 WL 1357931 (Fed. Cl. Spec. Mstr. Mar. 7, 2019); *Chynoweth v. Sec'y of Health & Human Servs.*, No. 130721V, 2017 WL 6892900 (Fed. Cl. Specs. Mstr. Oct. 30, 2017). Accordingly, no adjustment to the requested rates is required.

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Apr. 22, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*,
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited Apr. 22, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule*: 2018, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited Apr. 22, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*,
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf (last visited Apr. 22, 2019).

**C.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, it appears that many of the tasks RLG paralegals billed for were secretarial and/or clerical in nature. *See, e.g.*, Fees App, Ex. 31 at 3 ("Drafted and sent medical records request to Providence Sacred Heart Hospital"); *id.* at 4 ("Continued organizing records from Providence Sacred Heart Hospital"); *id.* at 5 ("Updated medical request logs").[4] Moreover, there appears to be substantial overlap in the review of petitioner's medical records by Ms. Robertson, Ms. Muldowney, and Ms. Smith. Ms. Robertson billed a total of 114.6 hours for review of petitioner's medical records and Ms. Muldowney spent an additional 4.9 hours reviewing the records for a total of 119.1 hours. *See id.* at 1-16. Then, another RLG paralegal, Ms. Smith, spent an additional 33.2 hours drafting medical records summaries and a chronology of petitioner's medical history for a total review and summary of medical records of 152.3 hours. *See id.* at 15-16. The fees application does not include time entries for the actual drafting of the petition. It is expected that petitioner will likely request reimbursement for inclusion of the medical records summary in the drafting of the petition in the future. *See id.* at 1-16. Given the billing for clerical and secretarial tasks coupled with the redundant billing for medical records review, I find that petitioner's attorneys' fees should be reduced by 15%. Petitioner's counsel is advised that further redundant and/or unreimburseable billing requests may result in additional reductions. Accordingly, petitioner's attorneys' fees request of $57,799.60 will be reduced by $8,669.94 for a

---

[4] These are merely a sampling of secretarial and/or clerical tasks billed for by RLG, rather than an exhaustive list.

**total award of attorneys' fees in the amount of $49,129.66.**

**D.     Reasonable Costs**

Petitioner requested attorneys' costs in the amount of $368.01. Fees App., Ex. 32 at 1-2. This request includes costs associated with postage and obtaining medical records, expenditures routinely reimbursed in the Vaccine Program. *See id.* Petitioner provided adequate documentation in support of the requested costs and thus, a reduction is unnecessary. Therefore, **petitioner will be awarded $368.01 in costs.**

### IV. Total Award Summary

Based on the foregoing, petitioner is awarded interim attorneys' fees in the amount of $49,129.66 and attorneys' costs in the amount of $368.01, **for a total of $49,497.67**, in the form of a check made payable jointly to petitioner and petitioner's counsel, Elizabeth Muldowney, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.