# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1648V
Filed: December 4, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| ALINA DERKACH, | * |
| *as administrator and legal representative* | * |
| *of* ESTATE OF E.E.D., | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Elizabeth M. Muldowney, Esq.*, Sands Anderson PC, Richmond, VA, for petitioner.
*Emilie Williams, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On November 1, 2017, Alina Derkach ("petitioner") filed a petition on behalf of her minor child, E.E.D., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq. ("Vaccine Act" or "the Program"). Petitioner ultimately alleged that the Rotarix, Pediarix, and/or haemophilus influenza type B vaccines E.E.D. received on November 5, 2014, resulted in E.E.D. suffering a bowel obstruction and/or intussusception. Amended Petition, ECF No. 75. A decision issued on March 27, 2025, dismissing petitioner's claim for failure to establish by preponderant evidence that she was entitled to compensation. ECF No. 76.

On July 2, 2025, petitioner filed the instant motion for attorneys' fees and costs requesting a total of $81,438.46, representing $67,796.70 in attorneys' fees and $13,641.76 in costs. Motion

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

for Fees, ECF No. 80. Respondent filed his response on August 1, 2025, advising he was satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 86. Petitioner filed a reply that same day. Reply, ECF No. 87.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Hum. Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[2]

Petitioner requests the following hourly rates on behalf of the attorneys and paralegals who worked on this case:

| Name | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|---|
| Elizabeth Muldowney | $353 | $363 | $370 | $388 | $408 | $421 | $450 or $186 | $475 or $195 | $510 |
| Ramon Rodriguez, III | - | - | $405 | - | - | - | - | - | - |
| Paralegals | - | $149 | $151 | $158 | $166 | $177 | - | $195 | - |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded. *See, e.g.*, *Bodie v. Sec'y of Health & Hum. Servs.*, No. 19-1351V, 2025 WL 2650579 (Fed. Cl. Aug. 20, 2025); *Barrows v. Sec'y of Health & Hum. Servs.*, No. 23-1653V, 2025 WL 2732878 (Fed. Cl. Aug. 20, 2025).

Thus, the requested rates are reasonable.

**B.   Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill

---

[2] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries overall adequately describe the work performed, and the time billed corresponds with that work. Thus, the requested fees requested for the attorneys and paralegals in this case, totaling $67,796.70, are awarded in full.

C.     **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $13,641.76 in costs. ECF No. 80 at 6. This amount includes costs associated with acquiring medical records, the filing fee, and postage. *Id.* These costs are routinely awarded in vaccine cases and are supported by the receipts filed.

Petitioner requests $1,850.00 for costs associated with having petitioner appointed administrator of E.E.D.'s estate, on whose behalf she brought this case. *See* Pet. Ex. 48 at 11-12; Pet. Ex. 47 at 14. Such costs "are generally compensable under the Vaccine Act if establishing the estate or guardianship is 'an essential prerequisite condition' to obtaining an award that must 'be fulfilled in order for [the] award to be made.'" *Bennett v. Sec'y of Health & Hum. Servs.*, No. 15-65V, 2017 WL 3816094, at *3 (Fed. Cl. Spec. Mstr. Aug. 7, 2017) (quoting *Haber v. Sec'y of the Dep't of Health & Hum. Servs.*, No. 09-458 V, 2011 WL 839111, at *2 (Fed. Cl. Spec. Mstr. Feb. 14, 2011)). Such was the case here, where E.E.D. sadly passed away during the pendency of this matter. Thus, the amount requested for having petitioner appointed administrator of E.E.D.'s estate is awarded in full.

Petitioner also requests costs associated with the expert reports filed in this matter. For Dr. Gershwin, petitioner requests $2,500. This represents a total of five hours billed at $500 per hour. From the record, it appears that Dr. Gershwin claimed to have spent over 12 hours working on this case, but only billed petitioner for five hours "as a courtesy to all involved." Pet. Ex. 48 at 16. While certainly magnanimous, nevertheless, "[p]etitioner bears the burden of substantiating an expert's hours." *Kantor ex rel. Kantor v. Sec'y of Dep't of Health & Hum. Servs.*, No. 01-679V, 2007 WL 1032378, at *2 (Fed. Cl. Spec. Mstr. Mar. 21, 2007). Petitioner must provide sufficient documentation of the activities billed by her experts for the Court to determine whether the time spent was reasonable. "[I]t remains counsel's responsibility to submit proof sufficient to support the point in issue." *Saunders v. Sec'y of Dep't of Health & Hum. Servs.*, 26 Cl. Ct. 1221, 1226 (1992), *aff'd*, 25 F.3d 1031 (Fed. Cir. 1994). Here, Dr. Gershwin's billing record consists solely of the following line: "Review of extensive and multiple medical and surgical files with respect to bowel obstruction and vaccination." Pet. Ex. 48 at 16. While the Court ultimately finds Dr. Gershwin's time spent on this case to be reasonable under the circumstances, counsel is cautioned

that future billing records for experts must be sufficiently detailed for the Court to properly review them.

Likewise, for Dr. Santoro, petitioner requests $3,500, at $500 per hour. Here, as with Dr. Gershwin, Dr. Santoro's time is not adequately documented. He notes only that the $3,500 is in exchange for "[r]etainer for case review, phone discussion and draft letter," and does not provide detail as to how he spent his time. Pet. Ex. 48 at 19. Nevertheless, the Court finds that the hours spent on this case by Dr. Santoro are reasonable under the circumstances. But counsel is again cautioned to provide sufficient documentation for time billed by experts.

Thus, petitioner is awarded the full amount of $13,641.76 for costs requested.

### III. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED**. Petitioner is hereby awarded a **total of $81,438.46**, representing $67,796.70 in attorneys' fees and $13,641.76 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Mindy Michaels Roth**
                                                Mindy Michaels Roth
                                                Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).